MINUTE ENTRY
KNOWLES, M.J.
MARCH 5, 2007

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY WATERS, et al | CIVIL ACTION |
| VERSUS | NO. 07-3183 |
| LINCOLN GENERAL INSURANCE CO., ET AL | SECTION "B" (3) |

On this date, ANPAC's Motion to Compel Discovery and for *Compliance* with SDT (Doc. ## 28 and 29) came on for hearing before the undersigned Magistrate Judge. Present and participating were Mary Lou Holmes on behalf of Plaintiff Angela Crockett and Steven B. Witman on behalf of ANPAC of Louisiana. For reasons stated on the record and discussed below, the undersigned Magistrate Judge issued an order pursuant to the hearing denying ANPAC's Motions to Compel Discovery, with*out* prejudice to any right the it may have to file a motion or other pleading seeking such mandatory injunctive relief, albeit properly styled and addressed to an Article III judge or a state court judge in a separate proceeding.

## BACKGROUND

On June 7, 2007, Mary Waters, Angela Crockett and Priest Crockett, Jr. filed the captioned matter to recover damages for injuries resulting from a vehicular collision which occurred on April 8, 2007. Angela Crockett's (Crockett's) 2004 Suzuki XL was allegedly

1

MJSTAR(00:11)

heading west on I-20, when it received a glancing blow from the Meadowlark Transport, Inc. truck driven by Clifford Dunn, who as attempting to change lanes.  Plaintiffs sued Lincoln General, Sentry Select, ANPAC of Louisiana ("ANPAC"), J&H Trucking, Meadowlark Transport, Inc. and Clifford Dunn.  Lincoln General and Sentry Select allegedly provide liability insurance for negligent operation of the truck in favor of defendants, J&H and Meadowlark Transport, Inc.  Plaintiff also sued her own insurer, ANPAC, under the uninsured or under-insured (UM) provisions of its policy.

## RELIEF SOUGHT

ANPAC seeks an order compelling plaintiff *to sign, date* and produce the original Secure Power of Attorney form *which ANPAC provided to Crockett* in connection with her collision loss claim/payment under the policy.  Plaintiff refused to execute the power of attorney form. ANPAC then issued a notice of records deposition and SDT also seeking to compel plaintiff to execute the secure Power of Attorney form in favor of ANPAC.

Crockett opposes the motion emphasizing that ANPAC seeks mandatory injunctive relief and not "discovery."  Additionally, plaintiff notes that ANPAC has not begun to make the requisite demonstration of entitlement to such relief.[1]  In sum, Crockett contends that the motion

---

[1] Crockett explains that there were dueling appraisals on the vehicle post-accident -- i.e, an independent appraisal ($10,528.63) and ANPAC's in the lesser amount of $9,699.00.  The vehicle was a total loss.  Crockett planned for that eventuality having purchased gap insurance which was included in the finance payments; however, the finance company never purchased gap insurance. Crockett purportedly refuses to sign over the title to the damaged vehicle to ANPAC for the following reasons: (1) Without prior approval, ANPAC paid the finance company $9,699.00 and the sent the form power of attorney demanding that Crockett sign over the title of her damaged vehicle so that ANPAC recoup its salvage value; (2) Crockett believed that ANPAC's  appraisal was too low; (3) Crockett was concerned that acquiescence and performance in compliance with ANPAC's demand could be construed as acquiescence in its payment her finance company and ratification of the amount paid by ANPAC, thereby obligating

seeks relief outside of the scope of discovery within the meaning of Federal Rule of Civil

Procedure 26(b)(1).

## ANALYSIS

The Court is persuaded that this not a *discovery* motion.  Fed. R. Civ. P. 26(b) provides in

pertinent part:

> (b) DISCOVERY SCOPE AND LIMITS
>     (1) Scope in General.  Unless otherwise limited by court order, the scope of
> discovery is as follows:  Parties may obtain discovery regarding any non-
> privileged matter that is relevant to any party's claim or defense -- including the
> existence, description, nature, custody, condition, location of any documents or
> other tangible things and the identity and location of persons who know of any
> discoverable matter....  All discovery is subject to the limitations imposed by Rule
> 26(b)(2)( C ).

Generally, Fed. R. Civ. P. 34 requests are utilized to compel production of relevant documents

and other materials in the possession of a party to the lawsuit.  ANPAC did not avail itself of the

Rule 34 discovery device.  Instead, it sent a letter requesting that plaintiff execute a Secure Power

of Attorney form in its favor.  Later, it resorted to the procedures prescribed by Fed. R. Civ. P. 45,

which details the method of exacting "discovery" documents from *non*-parties and compelling

their appearance for deposition or trial.  The scope of discovery with respect to non-parties under

Rule 45 is no broader than that prescribed for parties under Rule 26(b)(1).  Neither contemplate

relief in the nature of a mandatory injunction, which is defined as "a court order" that "commands

---

herself for the difference.  Addressing the purported agreement between ANPAC and the finance company regarding release of her indebtedness on the car note,  a copy of that "agreement" revealed that, in return for ANPAC's payment of  $9,699.00, the finance company only released its lien on the vehicle and *not the underlying indebtedness owed by Crockett*.  Plaintiff advises that credit reporting agencies currently list the debt/balance owed on the vehicle in the approximate amount of $7,000.00 on her credit report.

an affirmative action" or "mandates a specified course of conduct."[2]

Undoubtedly, ANPAC already has in its possession scads of original Secure Power of Attorney forms and it need not resort to Rule 34 or 45 to obtain one just like *it provided to Crockett*.  ANPAC seeks *permanent mandatory injunctive relief* commanding Crockett to immediately sign and date a "Secure Power of Attorney" form, thereby relinquishing any and all rights/title that she may have to the damaged 2004 Suzuki vehicle and vesting ANPAC with authority to affect the disposition of same (salvage sale).

Any court fashioning a remedy in the nature of a permanent mandatory injunction must first resolve the issue of entitlement.  By utilizing "discovery" procedures to command specific performance of an obligation, ANPAC places the cart before the horse.  Salient issues unaddressed by ANPAC's "discovery" motions, include: (1) whether ANPAC's policy obligates Crockett to sign any documents under the circumstances presented; (2) what is a reasonable interpretation of the subrogation clause in ANPAC's policy; and (3) whether ANPAC's right of recovery of payments made on behalf of its insured is subordinate to the insured's rights to be fully compensated under the terms of the policy.

Simply stated, ANPAC's motion is what it is -- one seeking permanent mandatory/coercive injunctive relief, not discovery.  As such, the motion is inaccurately styled, is inappropriately addressed to the undersigned Magistrate Judge as a "discovery" motion and fails to adequately demonstrate a right to the mandatory injunctive relief sought.  Accordingly and pursuant to the hearing, the undersigned Magistrate Judge issued the following order, to wit:

---

[2] BLACK'S LAW DICTIONARY 788 (7th ed. 1999).

**IT IS ORDERED** that ANPAC's Motions to Compel Discovery and/or *Compliance* with SDT (Doc. ## 28 and 29) are DENIED, with*out* prejudice to any right the it may have to file a motion or other pleading seeking such mandatory injunctive relief, albeit properly styled and addressed to an Article III judge or a state court judge in a separate proceeding.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**